

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,444-01

### EX PARTE RASHAD ROMELIS TATE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1379746-A IN THE 338TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to murder and was sentenced to forty years' imprisonment. The Court of Appeals affirmed conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel was ineffective. He alleges that trial counsel was ineffective for failing to file a motion for new trial and notice of appeal, giving bad advice regarding his eligibility for deferred adjudication, and failing to file a motion for a speedy trial. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013).

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

This application was filed over seven years after the plea was accepted. This Court has held that a trial court may *sua sponte* consider whether the doctrine of laches should bar relief. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court may consider and determine whether Applicant's claims should be barred by laches. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: JANUARY 25, 2023
Do not publish